# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISON

| | |
|---|---|
| SOUTHEASTERN CARPENTERS & MILLWRIGHTS HEALTH TRUST FUND, SOUTHEASTERN CARPENTERS & MILLWRIGHTS PENSION TRUST FUND, and J. KIRK MALONE and THOMAS H. JENKINS, as Trustees of the aforesaid Funds, | Case No. _____ |
| **Plaintiffs,** | |
| v. | |
| ODOM CONSTRUCTION SYSTEMS, LLC, | |
| **Defendant.** | |

## COMPLAINT

Plaintiffs Southeastern Carpenters & Millwrights Health Trust Fund, Southeastern Carpenters & Millwrights Pension Trust Fund (collectively "Funds"), and J. Kirk Malone and Thomas H. Jenkins, as Trustees for the Funds, ("Trustees" and, together with the Funds, "Plaintiffs") file this Complaint against Defendant Odom Construction Systems, LLC ("Defendant") and allege the following:

### Parties

1. The Funds are employee benefit Funds within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3). Pursuant to ERISA §502 (d)(1), 29 U.S.C. § 1132 (d)(1), the Funds have capacity and standing to bring this lawsuit.

2. The Trustees are the administrators of the Funds. The Trustees exercise discretionary authority and control with respect to the management of, and with respect to the

{0165401Case 3:18-cv-00038   Document 1   Filed 01/10/18   Page 1 of 5 PageID #: 1
 Error! Unknown document property name.
  Error! Unknown document property name.

disposition of the assets of, each of the Funds. Accordingly, the Trustees are "fiduciaries" within the meaning of ERISA § 3(21), 29 U.S.C § 1002(21). The Trustees administer the Funds from their offices located in Goodlettsville, Tennessee.

3. The Trustees bring this suit on behalf of the Funds and on behalf of the Funds' participants and beneficiaries, and not in any individual capacity.

4. Defendant is a limited liability company organized and existing under the laws of the State of Tennessee. Defendant's principal place of business is 1430 Island Home Avenue, Knoxville, Tennessee 37920.

5. Defendant is subject to the jurisdiction of this Court because Defendant had an obligation to contribute to the Funds, which are administered in Goodlettsville, Tennessee.

6. Plaintiffs' Summons and Complaint may be served upon (1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity.

7. Defendant is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and Section 2(2) of the National Labor Relations Act of 1935, as amended ("NLRA"), 29 U.S.C. § 152(2).

### Venue and Jurisdiction

8. This Court has subject matter jurisdiction over this action pursuant to ERISA §§ 502(e)(1) and (f), 29 U.S.C. §§ 1132(e)(1) and (f), and 28 U.S.C. §§ 1331 and 1337.

9. Venue in this action is proper in the Middle District of Tennessee under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391 with respect to all claims asserted by

Plaintiffs because the Funds are administered in Goodlettsville, Tennessee, which is located within this District.

10. Pursuant to ERISA § 502(h), 29 U.S.C. § 1132(h), Plaintiffs have served copies of the original Complaint in this matter upon the Secretary of Labor and the Secretary of the Treasury by certified mail.

## Factual Allegations

11. Pursuant to a participation/reciprocity agreement with Plaintiffs, to which Defendant has assented, and pursuant to other agreements incorporating the collective bargaining agreement between Southeastern Carpenters Regional Council of the United Brotherhood of Carpenters and Joiners of America and its members and/or made a part thereof (collectively, "Agreements"), Defendant is liable to each of the Funds for fringe benefit contributions ("Contributions") due and owing each of them based on the number of hours worked by members of the Funds.

12. Defendant is required to remit to Plaintiffs all Contributions due and owing the respective Plaintiffs for any given month during the following month.

13. Defendant has defaulted on its duty in this regard by failing to pay—either in a timely manner or otherwise—Contributions owed to the Funds for the months of October and November 2017.

14. The exact amount of Contributions due and owing from Defendant is unknown, as Defendant is in sole possession of the documents and information necessary to calculate the Contributions owed. Therefore, Plaintiffs must conduct discovery to determine the amount of Contributions owed.

15. Defendant also owes liquidated damages under the Agreement, which Defendant has not paid. However, the exact amount of liquidated damages due and owing from Defendant is unknown because, again, Defendant is in sole possession of the documents and information necessary to calculate the liquidated damages owed.

## Count I - Action for Unpaid Contributions

16. Plaintiffs incorporate herein by reference Paragraphs 1-15 this Complaint.

17. Defendant has breached its duties and obligations to the Funds under ERISA § 515, 29 U.S.C. § 1145, and the Agreements.

18. Pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), the Funds are entitled to recover from Defendant all unpaid Contributions due and owing them.

19. Pursuant to ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), the Funds are entitled to recover from Defendant interest, in accordance with ERISA § 502(g)(2), on all untimely paid Contributions.

20. Pursuant to ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), the Funds also are entitled to recover statutory damages in an amount equal to the greater of (i) interest on the unpaid Contributions, or (ii) liquidated damages provided for by the Funds in an amount not in excess of 20% of the untimely paid Contributions ("ERISA Statutory Damages").

21. Pursuant to ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), the Funds are entitled to recover their expenses of this action, including their attorneys' fees and costs.

WHEREFORE, Plaintiffs pray that this Court grant relief as follows:

(a) Enter judgment against Defendant for all unpaid Contributions due and owing to the Funds in an amount to be proven at trial and determined following discovery;

(b) Enter judgment against Defendant for the interest, in accordance with ERISA § 502(g)(2) on all unpaid Contributions;

(c) Enter judgment against Defendant for ERISA Statutory Damages on all untimely paid Contributions;

(d) Enter judgment against Defendant for the Funds' costs and expenses of this action, including their attorneys' fees; and

(e) Grant Plaintiffs such other relief as this Court deems appropriate.

This 10th day of January 2018.

Respectfully submitted,

**BONE MCALLESTER NORTON PLLC**

/s/ Sean C. Kirk
Sean C. Kirk (BPR No. 22878)
511 Union St., Suite 1600
Nashville, TN 37219
Telephone: (615) 238-6300
skirk@bonelaw.com

and

**ARNALL GOLDEN GREGORY LLP**

C. Knox Withers
Georgia Bar No. 14282
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Telephone: 404-873-8129
knox.withers@agg.com

*Counsel for Plaintiff*